UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

IN RE: )
)  CASE NO. 14-20589-JRS
ANTHONY RUSSELL HARRIS, )
MELISSA LYNN HARRIS, )  CHAPTER 13
    Debtors. )

**POST-CONFIRMATION MODIFICATION OF PLAN**
**AND REQUEST FOR APPROVAL**

Debtors propose to modify the confirmed Chapter 13 plan in this case as set forth below and requests that this modification be approved.

**MODIFICATION OF PLAN**

Debtors hereby modify the Chapter 13 Plan, which was confirmed by order of this Court June 25, 2014, as follows:

Paragraph 2 of the Plan is modified to **delete: Plan Payments and Length of Plan**. Debtor will pay the sum of $300.00 per month to Trustee by [X] Payroll Deduction(s) or by [ ] Direct Payment(s) for the applicable commitment period of 36 months, unless all allowed claims in every class, other than long-term claims, are paid in full in a shorter period of time. The term of this Plan shall not exceed sixty (60) months. *See* 11 U.S.C. §§ 1325(b)(1)(B) and 1325(b)(4). Each pre-confirmation plan payment shall be reduced by any pre-confirmation adequate protection payment(s) made pursuant to Plan paragraph 6(A)(i) and § 1326(a)(1)(C).

The following alternative provision will apply if selected:

(X) IF CHECKED, Plan payments will increase by $91.00 monthly in August, 2015, upon completion or termination of 401(k) loan. The additional funds shall be disbursed pro-rata to all claims being funded at the time of the increase.

Paragraph 2 of the Plan is modified to **add: Plan Payments and Length of Plan**. Debtor will pay the sum of $200.00 per month to Trustee by [X] Payroll Deduction(s) or by [ ] Direct Payment(s) for the applicable commitment period of 36 months, unless all allowed claims in every class, other than long-term claims, are paid in full in a shorter period of time. The term of this Plan shall not exceed sixty (60) months. *See* 11 U.S.C. §§ 1325(b)(1)(B) and 1325(b)(4). Each pre-

confirmation plan payment shall be reduced by any pre-confirmation adequate protection payment(s) made pursuant to Plan paragraph 6(A)(i) and § 1326(a)(1)(C).

The following alternative provision will apply if selected:

( ) IF CHECKED, Plan payments will increase by _____ monthly in _____ upon completion or termination of _____.  The additional funds shall be disbursed pro-rata to all claims being funded at the time of the increase.

Paragraph 4B of the Plan is modified to **delete:**

**Debtor's Attorney's Fees.** Debtor and Debtor's attorney have agreed to a base attorney fee in the amount of $4,000.00. The amount of $0.00 was paid prior to the filing of the case. The balance of $4,000.00 will be paid as follows:

(i.) Such funds remaining in the possession of the trustee after payment of trustee fees and Adequate Protection payments, not to exceed $4,000.00, to be paid at the initial disbursement following confirmation of the plan.

(ii.) $180.00 will be paid on a monthly basis until the fee is paid in full.  If the case is dismissed or converted prior to confirmation, the Trustee shall pay up to $4,000.00 from available funds.

(iii) Debtor and Debtor's attorney have further agreed that Debtor's attorney may be paid for "non-base services" as they are performed on an as-needed basis.  These "non-base" services, and the agreed fee for each, are identified in paragraph 6 of the Rule 2016(b) disclosure statement in this case.  Upon completion of a "non-base" service, Debtor's attorney may file an application with the Court, serving all parties-in-interest with notice of the application and providing an opportunity to be heard on the matter.  If no objection to the application is timely filed, then the application will stand approved without further notice or hearing.  If the "non-base" fee is approved by the Court, then the fee shall be added to the balance of the unpaid base fee in this case and paid in accordance with the paragraph (B)(ii), above.  If the base fee has been paid in full, then the fee shall be paid up to $180.00 per month, and the distributions to creditors shall be reduced, pro rata, by that amount until the additional fee is paid in full.

Paragraph 4B of the Plan is modified to **add:**

**Debtor's Attorney's Fees.** Debtor and Debtor's attorney have agreed to a base attorney fee in the amount of $4,000.00. The amount of $0.00 was paid prior to the filing of the case. The balance of $4,000.00 will be paid as follows:

(i.) Such funds remaining in the possession of the trustee after payment of trustee fees and Adequate Protection payments, not to exceed $4,000.00, to be paid at the initial disbursement following confirmation of the plan.

(ii.) $87.00 will be paid on a monthly basis until the fee is paid in full. If the case is dismissed or converted prior to confirmation, the Trustee shall pay up to $4,000.00 from available funds.

(iii) Debtor and Debtor's attorney have further agreed that Debtor's attorney may be paid for "non-base services" as they are performed on an as-needed basis. These "non-base" services, and the agreed fee for each, are identified in paragraph 6 of the Rule 2016(b) disclosure statement in this case. Upon completion of a "non-base" service, Debtor's attorney may file an application with the Court, serving all parties-in-interest with notice of the application and providing an opportunity to be heard on the matter. If no objection to the application is timely filed, then the application will stand approved without further notice or hearing. If the "non-base" fee is approved by the Court, then the fee shall be added to the balance of the unpaid base fee in this case and paid in accordance with the paragraph (B)(ii), above. If the base fee has been paid in full, then the fee shall be paid up to $87.00 per month, and the distributions to creditors shall be reduced, pro rata, by that amount until the additional fee is paid in full.

Paragraph 6Aii(b) of the Plan is modified to **delete: <u>Claims to Which § 506 Valuation is Applicable.</u>** Claims listed in this subsection consist of any claims secured by personal property not described in Plan paragraph 6(A)(ii)(a). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the replacement value as stated in column (d) or the amount of the claim, whichever is less, with interest at the rate stated in column (e). The portion of any allowed claim that exceeds the value indicated below will be treated as an unsecured claim. Upon confirmation of the plan, the valuation and interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

| (a) Creditor | (b) Collateral | (c) Purchase date | (d) Replacement Value | (e) Interest rate | (f) Monthly payment |
|---|---|---|---|---|---|

| Credit Union Loan Source | 2010 Kia Forte | 11/21/09 | $6,825.00 | 5% | $85.00 step to 240.00 in April 2016 |
| United Consumer Financial Services | Kirby Vacuum Cleaner | 9/24/12 | $938.00 | 5% | $20.00 step to 45.00 in April 2016 |

Paragraph 6Aii(b) of the Plan is modified to **add: Claims to Which § 506 Valuation is Applicable.** Claims listed in this subsection consist of any claims secured by personal property not described in Plan paragraph 6(A)(ii)(a). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the replacement value as stated in column (d) or the amount of the claim, whichever is less, with interest at the rate stated in column (e). The portion of any allowed claim that exceeds the value indicated below will be treated as an unsecured claim. Upon confirmation of the plan, the valuation and interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

| (a) Creditor | (b) Collateral | (c) Purchase date | (d) Replacement Value | (e) Interest rate | (f) Monthly payment |
|---|---|---|---|---|---|
| Credit Union Loan Source | 2010 Kia Forte | 11/21/09 | $6,825.00 | 5% | $85.00 step to 127.00 in January 2017 |
| United Consumer Financial Services | Kirby Vacuum Cleaner | 9/24/12 | $938.00 | 5% | $20.00 step to 45.00 in January 2017 |

Paragraph 6Aii(c) of the Plan is modified to **delete: Claims Secured by Real Property Which Debtor Intends to Retain**. Debtor will make all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due. These regular monthly mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter, unless this Plan provides otherwise. Trustee may pay each allowed arrearage claim at the monthly rate indicated below until paid in full. Trustee will pay interest on the mortgage arrearage if the creditor requests interest, unless an objection to the claim is filed and an order is entered disallowing the requested interest.

All post-petition mortgage payments made by the debtor(s) are to be credited and applied by the mortgage holder, its agent or assignee in accordance with the mortgage note and Deed in Trust/Deed to Secure Debt. Any fees, expenses and charges asserted under Fed. R. Bankr. P. 3002.1(c) are not to be funded through the Chapter 13 plan and the Debtor will pay these post-petition expenses directly to their mortgage holder/servicer unless they are disallowed by Order of the Court."

All payments made hereunder by the chapter 13 Trustee to the mortgage holder, its agent or assignee are to be applied to the pre-petition arrearage and those fees and costs in the creditors allowed proof of claim.

| (a) Creditor | (b) Property description | (c) Estimated pre-petition arrearage | (d) Projected monthly arrearage payment |
|---|---|---|---|
| Chase Manhattan Mortgage | SFDD 89 Cypress Place, Winder GA | $0.00 | $0.00 |

Paragraph 6Aii (c) of the Plan is modified to **add: <u>Claims Secured by Real Property Which Debtor Intends to Retain</u>**. Debtor will make all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due. These regular monthly mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter, unless this Plan provides otherwise. Trustee may pay each allowed arrearage claim at the monthly rate indicated below until paid in full. Trustee will pay interest on the mortgage arrearage if the creditor requests interest, unless an objection to the claim is filed and an order is entered disallowing the requested interest.

All post-petition mortgage payments made by the debtor(s) are to be credited and applied by the mortgage holder, its agent or assignee in accordance with the mortgage note and Deed in Trust/Deed to Secure Debt. Any fees, expenses and charges asserted under Fed. R. Bankr. P. 3002.1(c) are not to be funded through the Chapter 13 plan and the Debtor will pay these post-petition expenses directly to their mortgage holder/servicer unless they are disallowed by Order of the Court."

All payments made hereunder by the chapter 13 Trustee to the mortgage holder, its agent or assignee are to be applied to the pre-petition arrearage and those fees and costs in the creditors allowed proof of claim.

| (a) Creditor | (b) Property description | (c) Estimated pre-petition arrearage | (d) Projected monthly arrearage payment |
|---|---|---|---|
| Chase Manhattan Mortgage | SFDD 89 Cypress Place, Winder GA | $829.00 | $0.00 step to 20.00 in January 2017 |

Dated: August 7, 2015.

/s/
Anthony Russell Harris

/s/
Melissa Lynn Harris

/s/
Carrie Oxendine
GA Bar No. 141478
Attorney for the Debtor
BERRY & ASSOCIATES
2751 Buford Highway, Suite 600
Atlanta, GA 30324
(404) 235-3300

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

IN RE: )
) CASE NO. 14-20589-JRS
ANTHONY RUSSELL HARRIS, )
MELISSA LYNN HARRIS, ) CHAPTER 13
    Debtors. )

NOTICE OF FILING OF MODIFICATION OF CONFIRMED PLAN,
DEADLINE FOR FILING WRITTEN OBJECTIONS AND
HEARING DATE AND TIME IF OBJECTION IS TIMELY FILED

**To: Creditors and Other Parties in Interest**

    **PLEASE TAKE NOTICE** that Debtors have filed a proposed modification to the confirmed plan in this case, a copy of which modifications you are receiving with this Notice of have recently received by mail.  Pursuant to Rule 3015(g) of the Federal Rules of Bankruptcy Procedure, any creditor or other party in interest opposing this proposed Modification must file that objection in writing with the Court on or before the following deadline.

    **DEADLINE FOR FILING OBJECTION:** Twenty-four (24) days after the date on which this proposed Modification was filed. The proposed modification was filed on **August 7, 2015**.  If the twenty-fourth day after the date of filing falls on a week-end or holiday, the deadline is extended to the next business day.

    **PLACE OF FILING:**    Clerk, United States Bankruptcy Court
Room 120United States Courthouse
121 Spring Street, SE
Gainesville, Georgia 30501

If you mail an objection to the Court for filing, you must mail it early enough so the Court will receive it on or before the deadline stated above.

You must also serve a copy on the undersigned at the address stated below and on the Debtor at:

Anthony Russell Harris
Melissa Lynn Harris
89 Cypress Place
Winder, Georgia  30680

**PLEASE TAKE FURTHER NOTICE** that if an objection to the proposed Modification is timely filed, the Court will hold a hearing on the modification on **September 2, 2015, at 10:15 A.M.** in **Courtroom 103**, U.S. Courthouse, 121 Spring Street, Gainesville, Georgia.  **If no objection is timely filed, the Court may approve the proposed modification without further notice or hearing.**

Dated: August 7, 2015.

/s/
Anthony Russell Harris

/s/
Melissa Lynn Harris

/s/
Carrie Oxendine
GA Bar No. 141478
Attorney for the Debtor
BERRY & ASSOCIATES
2751 Buford Highway, Suite 600
Atlanta, GA 30324
(404) 235-3300